COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA

                                            MEMORANDUM OPINION* BY
v.        Record No. 1943-13-1              JUDGE ROBERT P. FRANK
                                            AUGUST 26, 2014
ANTHONY NEWSOME


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellant.

Matthew T. Taylor, Assistant Public Defender (Office of the Public
Defender, on brief), for appellee.


Upon pleas of guilty, Anthony Newsome, appellee, was found guilty of possession with

the intent to distribute more than one-half ounce but not more than five pounds of marijuana, in

violation of Code § 18.2-248.1, possession of a firearm while possessing with the intent to sell

more than one pound of marijuana, in violation of Code § 18.2-308.4(C), and possessing a

firearm having previously been convicted of a felony, in violation of Code § 18.2-308.2.

Pursuant to Code § 19.2-398(C), the Commonwealth appeals, contending the trial court erred in

running two sentences concurrently when by statute, the trial court was mandated to run the

sentences consecutively.  For the reasons stated, we agree with the Commonwealth and reverse

the trial court.  We remand for resentencing and for a correction of a clerical error in the

sentencing order.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

As the facts of the offenses are not relevant to this analysis, we need not recite them.

The trial court sentenced appellee as follows:  for possession with intent to distribute – ten years in prison, all suspended, for possession of a firearm while possessing marijuana with the intent to distribute – five years in prison, and for possession of a firearm by a nonviolent felon – five years in prison with three years suspended.  In addition, the trial court directed that one year of the sentence for possession of a firearm while possessing marijuana with the intent to distribute would run concurrently with the sentence for possession of a firearm by a felon.

The Commonwealth, on appeal, contends that Code § 18.2-308.2 requires the two-year mandatory sentence for possession of a firearm by a felon to run consecutively with any other sentence.  According to the Commonwealth, in this case, one year of appellee's sentence for possession of a firearm while in possession of marijuana with intent to distribute ran concurrently with Code § 18.2-308.2.[1]

At trial, defense counsel and the Commonwealth argued whether sentences for possession with intent to distribute marijuana and possession of a firearm while in possession of marijuana with intent to distribute could run concurrently.

This appeal follows.

ANALYSIS

The issue before this Court is a question of statutory interpretation.  As such:

> It is a pure question of law which we review *de novo*.  In statutory
> interpretation, [t]he primary objective . . . is to ascertain and give
> effect to legislative intent.  Thus, this Court construes a statute
> with reference to its subject matter, the object sought to be
> attained, and the legislative purpose in enacting it; the provisions

---

[1] While appellee contends the issue is waived because the Commonwealth did not preserve the issue below, the record clearly indicates a complete dialogue between counsel and the trial court as to the very issue before us.

should receive a construction that will render it harmonious with that purpose rather than one which will defeat it. We will not apply an unreasonably restrictive interpretation of the statute that would subvert the legislative intent expressed therein.

Brown v. Commonwealth, 284 Va. 538, 542, 733 S.E.2d 638, 640 (2012) (internal quotations and citations omitted).

This Court is often called upon to discern the intent of the General Assembly where the language used in a statute is less than precise. But the primary rule of statutory construction is quite clear and eminently sensible. "'When a statute is unambiguous, we must apply the plain meaning of that language.' 'Therefore, when the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning.'" Altizer v. Commonwealth, 63 Va. App. 317, 323, 757 S.E.2d 565, 568 (2014) (internal citation omitted) (quoting Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)).

In this case, we analyze Code § 18.2-308.2 and Code § 18.2-308.4.

Code § 18.2-308.2(A) (possession of a firearm by a convicted felon) provides a penalty of a mandatory minimum prison term of two years. This section also requires that "[t]he mandatory minimum terms of imprisonment . . . shall be served consecutively with any other sentence."

Code § 18.2-308.4 (possession of a firearm while in possession of certain substances) is a Class 6 felony and provides a penalty of a mandatory minimum sentence of two years. Code § 18.2-308.4(B) states that "[s]uch punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony."

Thus, Code § 18.2-308.4 only bars a concurrent sentence with the primary felony. See Brown, 284 Va. at 543, 733 S.E.2d at 640. Under this statute, the primary felony would be the

marijuana offense. Here, appellant's sentence did not run concurrently with the drug charge. Therefore, Code § 18.2-308.4 was not violated. Our inquiry then is whether Code § 18.2-308.2 was violated.

The Commonwealth contends the court's ruling negated the language of Code § 18.2-308.2.

The language of Code § 18.2-308.2 requiring that "[t]he mandatory terms of imprisonment prescribed for violations of this section shall be served consecutively with any other sentence" is neither ambiguous nor in conflict with Code § 18.2-308.4. This plain language clearly expresses the General Assembly's intention that a sentence under Code § 18.2-308.2 must be served separately and apart from any other sentence imposed.

Multiple sentences are presumed to be served consecutively. See Code § 19.2-308. Consecutive sentences are "two or more sentences of jail time to be served in sequence." Black's Law Dictionary 1485 (9th ed. 2012). While the trial court has the discretion to order multiple sentences to run concurrently, "this discretionary exercise of authority may be, and has been proscribed by the General Assembly when it has directed that sentences for certain crimes may not be run concurrently." Brown, 284 Va. at 542, 733 S.E.2d at 640. Thus, when it comes to statutes containing the identical language found in Code § 18.2-308.2, the Supreme Court of Virginia has recognized that "the General Assembly has directed that a mandatory minimum sentence not be run concurrently with *any other* punishment." Id. at 544, 733 S.E.2d at 641 (emphasis in original). The General Assembly has directed that the sentence for Code § 18.2-308.2 "shall be served consecutively with any other sentence." Thus, the General Assembly has proscribed the circuit court's discretionary authority to run sentences concurrently with Code § 18.2-308.2.

The common meaning of concurrent is "occurring . . . at the same time: operating simultaneously." Webster's Third New International Dictionary 472 (1981). Thus, concurrent sentences are "[t]wo or more sentences of jail time to be served simultaneously." Black's Law Dictionary, supra, at 1485. Neither sentence takes precedence over the other. Here, the trial court clearly ran a portion of each of the two sentences concurrently with the other. The appellant will serve one year under Code § 18.2-308.2 concurrently with one year under Code § 18.2-308.4. As a result, the sentence imposed by the trial court under Code § 18.2-308.2 was not made to run consecutively with the sentence under Code § 18.2-308.4.

The trial court's interpretation of Code § 18.2-308.2 and Code § 18.2-308.4 would make meaningless the mandatory consecutive language of Code § 18.2-308.2. It would allow *any* sentence to run concurrently with a sentence under Code § 18.2-308.2. The General Assembly deliberately chose the word "consecutive" when describing how these sentences were to be served. The plain meaning of that term requires that they are to be served sequentially and not simultaneously.

It is apparent that the General Assembly intended that the penalty for Code § 18.2-308.2 cannot be diluted by running any of that time concurrently with any other sentence; rather it must run consecutively with any other punishment. Here, by running one year of the Code § 18.2-308.4 sentence concurrently with the Code § 18.2-308.2 sentence, the trial court diluted the mandatory sentence under Code § 18.2-308.2. It was error to do so.

## CONCLUSION

Finding error in the trial court's sentence, we reverse and remand for resentencing consistent with this opinion.[2]

Reversed and remanded.

---

[2] We note that there is a clerical error in the sentencing order. The sentencing summary, which is found on page 47 of the joint appendix, states that one year of CR13-166-02 will run concurrent with CR13-166-01. However, the order earlier states on page 45 that one year of CR13-166-02 shall run concurrently with CR13-166-03. This language is consistent with the judge's pronouncement in court, found on page 40 of the joint appendix.